1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JUAN FRANCISCO MOLINA,              Case No. 5:21-CV-00570-SB-MAA

12                    Petitioner,         **ORDER DISMISSING PETITION AND DISMISSING ACTION**

13          v.                            **WITHOUT PREJUDICE**

14   W.L. MONTGOMERY,

15                    Respondent.

16

17

18   **I.     INTRODUCTION AND BACKGROUND**

19          On February 22, 2021, Petitioner Juan Francisco Molina filed a *pro se*

20   petition for writ of habeas corpus.  ("Petition," ECF No. 1.)  The Petition alleged

21   one basis for relief—that Petitioner's sentence and the enhancements imposed

22   violated his Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights.

23   (*Id*. at 5-6.)

24          Respondent W.L. Montgomery filed a Motion to Dismiss the Petition on

25   May 8, 2021, arguing that Petitioner's basis for relief was not exhausted or,

26   alternatively, did not state a cognizable claim in federal court.  (ECF No. 8.)  After

27   Petitioner did not file an Opposition to Respondent's Motion to Dismiss, the Court

28   issued an Order to Show Cause by August 13, 2021 why the Court should not

recommend the action be dismissed for failure to file an Opposition, failure to comply with Court orders, and failure to prosecute.  (ECF No. 10.)

Petitioner responded on August 30, 2021 requesting a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines* Stay") in the action.  ("*Rhines* Stay Request," ECF No. 11.)  The Court granted Petitioner's *Rhines* Stay Request and denied Respondent's Motion to Dismiss without prejudice on September 13, 2021. ("Stay Order," ECF No. 12.)  Pursuant to the Stay Order, Petitioner was required to file status reports every sixty (60) days updating the Court on his exhaustion efforts. (*Id*. at 5.[1])

On November 15, 2021, the Court received and filed Petitioner's document entitled "Request to Exhaust Two Additional Arguments Regarding the State Case." (ECF No. 13.)  In this filing, Petitioner requested that the Court consider two additional claims for habeas relief related to ineffective assistance of counsel, which had not yet been exhausted in state court but for which Petitioner had started the exhaustion process by filing a habeas petition with the California Court of Appeal.  (*Id*. at 1.)  Petitioner also included a copy of the California Supreme Court's October 27, 2021 order denying Petitioner's habeas petition relating to the sole basis for relief maintained in the Petition.  (*Id*. at 2.)

On November 30, 2021, the Court ordered Petitioner to file a First Amended Petition by December 30, 2021.  (ECF No. 14.)  The Court construed the California Supreme Court Order as a *Rhines* Stay status report and left the *Rhines* Stay in place while Petitioner completed exhausting the two new claims in state court.  (*Id*.)

Petitioner filed a First Amended Petition on December 29, 2021.  (ECF No. 15.)  Thereafter, Petitioner filed two status reports, on February 3, 2022 (ECF No.

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

2

16) and on March 17, 2022 (ECF No. 17), indicating the claims in state court were progressing.

Having not received a status report from Petitioner since March 17, 2022, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to prosecute on June 22, 2022.  (ECF No. 18.)  Petitioner's response to this Order to Show Cause was due no later than July 22, 2022.  (*Id*.)  The Court warned Petitioner that "**failure to respond to this Order may result in dismissal of the Petition without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**"  (*Id*. (emphasis in original).)

To date, Petitioner has not responded to the June 22, 2022, Order to Show Cause or filed any status report since his March 17, 2022 status report.

## II.    ANALYSIS

### A.    Legal Standard

Central District of California Local Rule 7-12 provides in pertinent part:

> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.  The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .

C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal on the basis of an unopposed motion pursuant to local rule).

In addition, district courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)

(holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution).  Unless the Court states otherwise, a dismissal under Rule 41(b)—other than for lack of jurisdiction, improper venue, or failure to join a party—operates as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).  Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances."  *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay."  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (quotation marks omitted)).

Before dismissing an action for failure to follow a local rule, failure to prosecute, or failure to comply with a court order, a district court must weigh five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53–54 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (failure to follow a local rule); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or failure to comply with a court order).  The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

## B.   The Factors Support Dismissal.

### 1.   The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first and second factors (the public's interest in expeditious resolution of

litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed a status report since March 17, 2022, in violation of the Court's Stay Order, which requires Petitioner to file a status report every 60 days. (Stay Order, ECF No. 12.) Nor has Petitioner filed any response to the Court's June 22, 2022 Order to Show Cause. (ECF No. 18.) The Court concludes that Petitioner's failure to comply with Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting

---

[2] Courts usually review the first factor in conjunction with the second factor. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

*Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))).  For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice.  The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action.  *See Pagtalunan*, 291 F.3d at 642.  Petitioner has offered no reason for failing to file a status report or response to the Court's June 22, 2022 Order to Show Cause. The absence of any reason indicates sufficient prejudice to Respondent.  *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice.  "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."  *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")).  In its June 22, 2022 Order to Show Cause, the Court warned Petitioner that the Petition might be dismissed if he did not respond.  (ECF No. 18.)  Despite being afforded 30 days to comply, Petitioner failed to respond and has not filed a status report since March 17, 2022.

///

///

///

6

1

           4.  <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

2

       The fifth factor weighs against dismissal.  "We have often said that the

3

public policy favoring disposition of cases on their merits strongly counsels

4

against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138

5

F.3d at 399).  On the other hand, "this factor 'lends little support' to a party whose

6

responsibility it is to move a case toward disposition on the merits but whose

7

conduct impedes progress in that direction." *Id.*  (citations omitted).  Thus, this

8

factor alone does not preclude dismissal.

9

10

     **C.**    **Dismissal of this Action is Appropriate.**

11

       As discussed above, Petitioner's failure to comply with Court orders and

12

failure to prosecute this action constitute unreasonable delay.  In addition, four of the

13

dismissal factors weigh in favor of dismissal, whereas only one factor weighs

14

against dismissal.  "While the public policy favoring disposition of cases on their

15

merits weighs against [dismissal], that single factor is not enough to preclude

16

imposition of this sanction when the other four factors weigh in its favor." *Rio*

17

*Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

18

       The Court concludes that dismissal of this action for failure to comply with

19

Court orders and failure to prosecute is warranted.  However, consistent with Rule

20

41(b) and this Court's exercise of its discretion, the dismissal should be without

21

prejudice.

22

23

**III.**   **CONCLUSION**

24

       Accordingly, IT IS HEREBY ORDERED that (1) the Petition is **DISMISSED**

25

**without prejudice** for failure to comply with a court order and failure to prosecute

26

and (2) the Clerk is directed to enter judgment dismissing this action without

27

prejudice.

28

**IV.   CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court has considered whether a certificate of appealability is warranted.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

Dated:  September 6, 2022

Stanley Blumenfeld, Jr.
United States District Judge

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE