# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO MOLINA,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL, Warden,<br><br>Respondent. | Case No. 5:21-cv-00570-SB (MAA)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

The Court also has reviewed Petitioner's Statement of Objection to the Report and Recommendation, constructively filed on September 29, 2024, received by the Court on October 3, 2024, and docketed and served on Respondent on October 9, 2024 (Objections). (ECF No. 42.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

The Objections lack merit for the reasons stated in the Report and Recommendation. In his Objections, Petitioner urges this Court to "dismiss the gun enhancements that [are] attached to the attempted murder [conviction]." Dkt. No.

42 (cleaned up).  He claims that "the [Magistrate] Judge has not grasped [his] contention correctly" because "the firing of the weapon from [his] moving vehicle is the only crime committed"—which, he argues, is not subject to enhanced punishment for personally using and discharging a firearm.  Dkt. No. 42.  This claim lacks merit.  The magistrate judge properly identified and analyzed the constitutional issues raised by Petitioner and correctly concluded that the petition should be denied.  Like many states, California has firearm enhancements that increase the length of a sentence for the use of a firearm while committing a crime.  *See, e.g.,* Cal. Pen. Code § 12022.53.  The Ninth Circuit has concluded that such weapon enhancements, which reflect a legislative intent to provide additional punishment for firearm use during the commission of a crime, do not raise any double-jeopardy concerns.  *Plascencia v. Alameida*, 467 F.3d 1190, 1204 (9th Cir. 2006) (rejecting double-jeopardy challenge to § 12022.53).  The firearm enhancement for his attempted murder conviction does not therefore violate the Double Jeopardy Clause, as explained in the Report and Recommendation.[1]

      The Court finds no defect of law, fact, or logic in the Report and Recommendation.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.  IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

Dated:  October 21, 2024

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge

---

[1] The other constitutional challenges are similarly meritless for the reasons stated in the Report and Recommendation.